IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHASTITY QUINTANA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LOGAN CLARK et al.,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:20-CV-157-DB<br><br>District Judge Dee Benson |

　　　　In an Order dated June 15, 2020, the Court required Plaintiff to within thirty days pay an initial partial filing fee (IPFF) of $25.80 and submit a consent to have the remaining fee collected in increments from Plaintiff's inmate account. (ECF No. 9.) To date, Plaintiff has not complied, nor has Plaintiff responded to the Order. Plaintiff has also filed what appears to be a motion for compassionate release. The Court last heard from Plaintiff about three months ago.

　　　　The federal compassionate-release statute, allows a district court to "reduce [a] term of imprisonment" of prisoners in federal custody "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 USCS § 3582(c)(1)(A) (2020). Thus, a court may order an inmate to be released if the court concludes that "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. However, Plaintiff is in state custody; the

Court "does not have the authority to order a compassionate release from state custody, which is a matter of state law." *Puerner v. Smith*, No. 09-C-1051, 2009 U.S. Dist. LEXIS 120169, at *3 (E.D. Wis. Dec. 3, 2009); *see also Teague v. Colo.*, No. 20-CV-1425-PAB, 2020 U.S. Dist. LEXIS 109733, at *14 (D. Colo. June 22, 2020); *Williams v. Keiser*, No. 17-CV-1040, 2020 U.S. Dist. LEXIS 74397, at *3-4 (W.D.N.Y. Apr. 28, 2020) (denying motion for compassionate release when inmate in state custody); *United States v. Tillisy*, No. CR13-310 RSL-MLP, 2020 U.S. Dist. LEXIS 68086, at *3-4 (W.D. Wash. Apr. 17, 2020) (same). Plaintiff's motion for compassionate release is therefore denied.

**IT IS ORDERED** that:

**(1)** Plaintiff's motion for compassionate relief is **DENIED**. (ECF No. 10.)

**(2)** Because Plaintiff has failed to comply with the Court's order to file an IPFF and consent, and has failed to prosecute this case, *see* DUCivR 41-2, Plaintiff's complaint is **DISMISSED** without prejudice.

**(3)** This action is **CLOSED**.

Dated this 14th day of September, 2020.

BY THE COURT:

JUDGE DEE BENSON
United States District Court